IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DONALD FISHER, | : |
| *Plaintiff*, | : Case No. 1:23-cv-15 |
| v. | : Judge Jeffery P. Hopkins |
| N-STOCK BOX, INC., | : |
| *Defendant*. | : |

**OPINION AND ORDER**

Plaintiff Donald Fisher ("Fisher" or "Plaintiff") filed suit against his employer, Defendant N-Stock Box, Inc. (hereinafter, "N-Stock Box"), alleging that he had been unlawfully discriminated against on the bases of age and disability, unlawfully retaliated against for asserting a job-related discrimination claim, and denied or had his rights under the Family Medical Leave Act unlawfully interfered with. *See* Compl., Doc. 5. N-Stock Box filed an Answer (Doc. 4) to the Complaint and moved for judgment on the pleadings on two of Fisher's claims related to a hostile work environment because of his age (Claim III) and disability (Claim VIII). *See* Doc. 6. Because Fisher did not exhaust all his administrative remedies as to those claims, the Court **GRANTS** N-Stock Box's Motion for Judgment on the Pleadings.

I.     BACKGROUND

    A. Factual Background

Donald Fisher first started working for N-Stock Box in 1998. Compl., Doc. 5, ¶ 17. In March 2021, Fisher was "suddenly demoted." *Id*. ¶ 21. At the time, he was over 60 years old. *Id*. ¶ 18. N-Stock Box told Fisher that he was demoted because he "couldn't keep up with his

work, because he couldn't keep his department clean, and because [he] appeared focused on other work." *Id.* ¶ 22. Subsequently, Fisher was replaced by a "significantly younger" person. *Id.* ¶ 24.

According to Fisher, in January 2022, he saw a doctor for pain related to spinal issues he was experiencing. *Id.* ¶ 25. The doctor recommended work restrictions designed to prevent Fisher from further aggravating those spinal issues. *Id.* ¶ 26. Fisher gave N-Stock Box President, Jeff Pennington, the doctor's recommendation and asked that he be transferred to a role that would accommodate his restrictions. *Id.* ¶¶ 29, 32. Pennington denied the request and according to the Complaint "said that he [Pennington] didn't think Fisher was intending to work much longer." *Id.* ¶¶ 33, 37. Pennington also asked Fisher how old he was. *Id.* ¶ 37. In February 2022, Fisher was transferred to a new role with N-Stock Box. *Id.* ¶ 43.

### B. Procedural Background

Based on these and other facts not pertinent to the matter now before the Court, Fisher sought the aid of an attorney who on his behalf presented a Notice of Claims to N-Stock Box, alleging that the company had engaged in age discrimination, disability discrimination, and FMLA interference. *See* Doc. 4-1, PageID 54–59. Fisher attached the Notice of Claims to a subsequent Charge of Discrimination filed with the Ohio Civil Rights Commission and Equal Employment Opportunity Commission. *See* Doc. 4-1.

After taking that action, in December 2022, Fisher filed suit against N-Stock Box in the Butler County Court of Common Pleas. *See* Doc. 1. Mr. Fisher's Complaint asserts ten causes of action, including:

| | |
|---|---|
| Claim I: | Age Discrimination under the Age Discrimination in Employment Act ("ADEA") |
| Claim II: | Age Discrimination under Ohio Rev. Code § 4112.01 *et seq*. |
| Claim III: | Hostile Work Environment on the Basis of Age Discrimination |

   Claim IV:  Disability Discrimination under Ohio Rev. Code § 4112.01 *et seq*.
   Claim V:  Disability Discrimination under the Americans with Disabilities Act ("ADA")
   Claim VI:  Failure to Accommodate under the ADA
   Claim VII:  Failure to Accommodate under Ohio Rev. Code § 4112.01 *et seq*.
   Claim VIII:  Hostile Work Environment on the Basis of Disability Discrimination
   Claim IX:  Retaliatory Discrimination
   Claim X:  Unlawful Interference with Family Medical Leave Act ("FMLA") Rights

Compl., *generally*. N-Stock Box removed the action to this Court (Doc. 1) and filed its Answer. Doc. 4. It now moves for judgment on the pleadings as to Claim III (Hostile Work Environment on the Basis of Age Discrimination) and Claim VIII (Hostile Work Environment on the Basis of Disability Discrimination). Doc. 6.

## II. STANDARD OF REVIEW

  Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Such a motion is assessed "using the same standard that applies to a review of a motion to dismiss under Rule 12(b)(6)." *Moderwell v. Cuyahoga Cnty.*, 997 F.3d 653, 659 (6th Cir. 2021) (citations omitted). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Jackson v. Pro. Radiology Inc.*, 864 F.3d 463, 466 (6th Cir. 2017) (quoting *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)). The moving party is entitled to relief under Rule 12(c) "'when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.'" *Id*. (quoting *Paskvan v. City of Cleveland Civ. Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991)).

### III. LAW AND ANALYSIS

The ADA, the ADEA, and Ohio law require a claimant to exhaust their administrative remedies before filing suit. *See* 42 U.S.C. § 12117(a) (citing 42 U.S.C. § 2000e-6), 29 U.S.C. § 626(d), Ohio Rev. Code § 4112.052(B)(1)(a). This generally requires a plaintiff-employee to "file a charge of discrimination with the EEOC that includes *all* claims [he] intends to bring in district court." *Russ v. Memphis Light Gas & Water Div.*, 720 F. App'x 229, 236 (6th Cir. 2017) (emphasis added) (citing *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361 (6th Cir. 2010)).[1] The exhaustion requirement is satisfied where the claim can be "reasonably expected" to grow out of the factual allegations in the EEOC charge. *Randolph v. Ohio Dep't of Youth Servs.,* 453 F.3d 724, 732 (6th Cir. 2006) (citation omitted). The Sixth Circuit has held that claims are "reasonably related" for purposes of exhaustion when facts related to the charged claim "would prompt the EEOC to investigate a different, uncharged claim." *Weigel v. Baptist Hosp. of East Tenn.,* 302 F.3d 367, 380 (6th Cir. 2002).

In the case *sub judice*, N-Stock Box argues that Mr. Fisher failed to exhaust his administrative remedies with respect to his hostile work environment claims (Claims III and VIII). Doc. 6, PageID 80–82. The Court agrees. A hostile work environment claim may arise when an employee has been subjected to harassment based on a protected characteristic that has "the effect of unreasonably interfering with the employee's work performance and creating an objectively intimidating, hostile or offensive work environment[.]" *Crawford v.*

---

[1] Ohio's exhaustion requirement became effective in 2021. Since then, there has been only "sparse case law interpreting" the requirement. *Glenn v. Trumbull Cnty. Comm'rs*, 239 N.E.3d 1010, 1022 (Ohio Ct. App. 2024). Sparse as they may be, cases from both state and federal courts have examined "federal law interpreting Title VII's administrative exhaustion requirement in applying [Ohio Rev. Code] § 4112.052(B)(1)'s parallel requirement." *Majors v. Gen. Dynamics Land Sys., Inc.*, No. 3:23-CV-2184, 2024 WL 3406666, at *4 n.2 (N.D. Ohio July 11, 2024). The parties provide no reason why this Court should do otherwise.

4

*Medina Gen. Hosp.*, 96 F.3d 830, 834–35 (6th Cir. 1996). The standard for articulating such a claim is fairly stringent. In order to give rise to an actionable claim, the workplace must be "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys.*, 510 U.S. 17, 21 (1993) (internal quotation marks and citation omitted). N-Stock Box contends that neither Fisher's Charge nor the attached Notice of Claims discuss a hostile work environment or harassment theory or allege that Mr. Fisher was harassed to the point of interfering with his work performance. Doc. 6, *generally*.

Fisher argues, on the other hand, that he has properly exhausted all administrative remedies. First, Fisher contends that the EEOC would have been prompted to investigate whether the work environment was hostile because the Charge and Notice of Claims both state that Fisher experienced "harassment in the workplace." Doc. 7, PageID 93. Second, Fisher urges this Court to "liberally" construe the Notice of Claims and to find that it sufficiently details the harassment he experienced. *Id*. Namely, Fisher alleges that he

> was subjected to comments such as that he "couldn't keep up with his work," "couldn't keep his department clean," "didn't think [he] was intending to work much longer," [and] was asked how old he was . . . .

*Id*. at PageID 97.[2]

This Court finds that Fisher has failed to allege sufficient facts to satisfy the statutory preconditions with respect to his hostile work environment and harassment claims. Here, the charges of workplace harassment cannot be "reasonably expected" to grow out of the other charges as alleged in detail in the Notice of Claims. *See Randolph,* 453 F.3d at 732. While it is

---

[2] Mr. Fisher also asserts that the Notice of Claims alleges he "was ignored and shunned by his coworkers." Doc. 7, PageID 97. On the Court's review, the Notice of Claims makes no such allegation. *See* Doc. 4-1, PageID 54–59.

true that the Notice of Claims mentions harassment, the gravamen of the Charge concerns age discrimination, disability discrimination and failure to accommodate, and FMLA interference. Doc. 6, *generally*. As such, Mr. Fisher's "harassment claim could not reasonably be expected to grow out of a charge of discrimination, which contains only factual allegations related to disparate treatment (or something similarly restrictive)." *Berryman v. Supervalu Holdings, Inc.*, No. 3:05-cv-169, 2008 WL 696649, at *3 (S.D. Ohio Mar. 13, 2008); *see also Lomax v. Sears, Roebuck & Co.*, 238 F.3d 422 (6th Cir. 2000) (finding that allegations of discrimination where a plaintiff's "scheduled work hours were reduced, [where] he failed to receive a promotion, and [where] he was terminated on the basis of [being a member of a protected class]" were claims "relate[d] to *job status*, which involves discriminatory motives by the person responsible for the decision, while a [workplace] harassment claim focuses on the *pervasiveness of the harassment* and on the employer's knowledge of the conduct and efforts to take remedial action") (emphasis added); *but see Sawyer v. Jeff Schmitt Auto Grp.*, No. 3:14-cv-436, 2015 WL 710434, at *1 (S.D. Ohio Feb. 18, 2015) (finding that allegations of race and age discrimination were reasonably related to "[p]laintiff's claims of hostile work environment and retaliation" where there was "*ongoing* disparate treatment and stress" which culminated in a plaintiff being "constructively discharged") (emphasis added). *Sawyer v. Jeff Schmitt Auto Group* is factually distinguishable from this case because unlike in that case, the Complaint in the instant action identifies an isolated job action taken by N-Stock Box against Fisher that largely gives rise to his age disparate treatment claim—and not any ongoing disparate treatment over an extended period that permeated the work environment.

      Here, the Court is unconvinced by Fisher's assertion that the statements Pennington made to him amount to a hostile work environment or harassment. The first two comments

6

as listed above were reasons given for Fisher's demotion in March 2021. The remaining two comments were made during a single conversation in January 2022. At most, these are "isolated discrete acts of discrimination" that are insufficient to prompt investigation of an uncharged hostile work environment claim. *Russ*, 720 F. App'x at 238. These comments were not "ongoing," *Sawyer*, 2015 WL 710434, at *1, and do not "describe an escalating progression of harassment" that would constitute a hostile work environment on the basis of age or ability discrimination. *Randolph*, 453 F.3d at 732. As such, even if the Charge is "liberally" construed, Fisher has thus failed to exhaust his administrative remedies as to any such claim.

## IV.  CONCLUSION

For the reasons stated, the Court **GRANTS** N-Stock Box's Motion for Judgment on the Pleadings (Doc. 6) as to Claims III and VIII.

**IT IS SO ORDERED.**

April 16, 2025

Jeffery P. Hopkins
United States District Judge